IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CURTIS V. SHEPPERSON,
Petitioner,

v.  Civil No. 3:21cv618 (DJN)

HAROLD W. CLARKE,
Respondent.

**MEMORANDUM OPINION**

Curtis V. Shepperson, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," (ECF No. 1))[1] challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Shepperson has responded.[2] For the reasons set forth below, the Motion to Dismiss (ECF No. 8) will be GRANTED.

**I.  PROCEDURAL HISTORY**

On January 31, 1992, Shepperson pled guilty to "feloniously and unlawfully break[ing] and enter[ing] in the nighttime the residence of [the victim], . . . with intent to commit rape therein" and "feloniously and unlawfully rap[ing] . . . [the victim]." (ECF No. 10-1 at 1.) On March 27, 1992, the Circuit Court sentenced Shepperson to twenty (20) years of incarceration on the burglary conviction and fifty (50) years of incarceration on the rape conviction. (ECF

---

[1]  The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from Shepperson's submissions.

[2]  In response, Shepperson filed a Motion to Amend the Pleadings, seeking to add a second claim of ineffective assistance of counsel. (ECF No. 13.)

No. 10-2 at 1.) Shepperson did not appeal or pursue a petition for a writ of habeas corpus in the Virginia courts. (§ 2254 Petition at 1-7, 12.)

On September 5, 2021, Shepperson filed the instant § 2254 Petition. (ECF No. 1.)[3] In his § 2254 Petition, Shepperson asserts the following claim for relief:

> Claim One: "Counsel . . . failed to investigate the case properly before advising him to plead guilty . . . by counsel not mentioning to the [Circuit] Court that Shepperson was not mentally competent at the time of the crimes because he was . . . intoxicated from alcohol beverages and high from cocaine [and] marijuana." (§ 2254 Petition at 1-2.)

In his Motion to Amend, Shepperson raises what he contends is a second ground for relief:

> Claim Two: "Counsel[] fail[ed] to raise a diminish[ed] capacity claim/defense in order for the judge to lessen the penalties and reduce the charges because of the Defendant's intoxication and drug use at the time of the crimes." (ECF No. 13 at 2.)

Shepperson filed his Motion to Amend on December 29, 2021, less than 21 days after Respondent filed his Motion to Dismiss. Thus, Shepperson may amend his Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B), and the Court will GRANT the Motion to Amend (ECF No. 13). However, the new claim that Shepperson purports to add does not alter the Court's analysis with respect to the statute of limitations defense raised in Respondent's Motion to Dismiss. Therefore, the Court will analyze the Motion to Dismiss as applied to Petitioner's new allegations that he added in his Motion to Amend.

---

[3] This is the date on which Shepperson placed his § 2254 Petition in the prison mail system for mailing to the Court. The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Shepperson's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Shepperson's conviction became final on Monday, April 26, 1992, when the time to file a petition for a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running

3

when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:3(a) (requiring that a notice of appeal be filed within (30) days of the entry of judgment).

The statute of limitations began running on April 27, 1992. The limitation period ran for over twenty-nine years before Shepperson filed his § 2254 Petition in this Court on September 5, 2021. Neither Shepperson, nor the record, suggest any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(B)–(D) or some equitable exception to the limitation that would render his § 2254 Petition timely. However, the Court will briefly consider Shepperson's vague statement that he "is entitled to equitable tolling . . . because he is actually innocent of first-degree burglary and first-degree rape." (§ 2254 Petition at 2.)[4]

C. **Actual Innocence**

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones, or merely as

---

[4] Despite using the words "equitable tolling," Shepperson provides no equitable tolling argument. A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added). Shepperson fails to show that he diligently pursued his claims and that an extraordinary circumstance prevented him from filing during the nearly thirty years since his conviction.

gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (internal citations omitted).

Here, the Court reviews Shepperson's assertion of innocence under the more lenient standard for gateway actual innocence claims, because subscribing to his innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition. A gateway claim requires a petitioner to present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F.Supp.2d 600, 610 (D. Md. 1999)).

In his submissions, Shepperson fails to tender any new reliable evidence of his innocence or otherwise coherently demonstrate why his § 2254 Petition should be deemed timely filed. At

most, the Court believes that Shepperson premises his actual innocence argument solely on his belief that, because he was intoxicated at the time of the crimes, he lacked the requisite intent to commit burglary and to rape the victim and cannot be guilty. However, contrary to Shepperson's suggestion, "actual innocence" means factual innocence, not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." (citations omitted) (internal quotation marks omitted)). Shepperson does not couple his assertion of actual innocence with any new evidence that he is factually innocent. Indeed, in his Declaration in Support of His Petition for a Writ of Habeas Corpus, Shepperson admits that "[o]n October 17, 1991, following his use of being under the influence of drugs and alcohol, Shepperson burglarized a woman's home and raped her." (ECF No. 1-2 at 2-3.) Therefore, this bare assertion of innocence fails to excuse the untimeliness of his § 2254 Petition.

Accordingly, the statute of limitations bars Shepperson's § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Shepperson's Motion to Amend (ECF No. 13) will be GRANTED. Respondents' Motion to Dismiss (ECF No. 8) will be GRANTED. Shepperson's § 2254 Petition (ECF No. 1) will be DENIED.

The action will be DISMISSED.

A certificate of appealability will be DENIED.[5]

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Shepperson and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 3, 2022

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893-4 (1983)). Shepperson fails to meet this standard.